**MEMO ENDORSED**





USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/08

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

STEVEN D. WEBER
phone: 212-788-0957
fax: 212-788-0940
email: stweber@law.nyc.gov

August 19, 2008

**MEMO ENDORSED**

**BY FACSIMILE**
Hon. Naomi R. Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

RECEIVED IN CHAMBERS
OF NAOMI REICE BUCHWALD
AUG 19 2008
UNITED STATES DISTRICT JUDGE

Re: *Kevin Davis v. Robert Shaw, et al.*,
08 CV 00364 (NRB)

Dear Judge Buchwald:

I am an Assistant Corporation Counsel who has been assigned to represent Robert Shaw, Martin F. Horn, and the New York City Department of Correction ("NYC DOC") in the above-referenced action. Defendants' response to the Amended Complaint is currently due August 22, 2008. Per the Court's individual practices, Defendants respectfully submit this letter to request a pre-motion conference concerning their anticipated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants also respectfully request that their time to respond to the Amended Complaint be stayed until a date following that of the pre-motion conference.

The Plaintiff in this case is currently incarcerated in a State facility. In Plaintiff's Amended Complaint, he appears to allege two constitutional violations while he was in the custody of the NYC DOC at the George R. Vierno Center ("GRVC") on Rikers Island. First, Plaintiff appears to allege that his inability to purchase sugar free and salt free foods at the prison commissary amounted to cruel and unusual punishment. Second, Plaintiff appears to allege that the prices at the prison commissary were higher than at an outside store and thus constituted discrimination and price gouging. As set forth below, Plaintiff's claims should be dismissed for four reasons.

*Handwritten endorsement:* Endorsement — Defendants' request for leave to serve a motion to dismiss is granted without the necessity of a conference. Defendants' motion is due on September 30, 2008; plaintiff's answer is due October 30, 2008; and defendants' reply, if any, on November 13, 2008.
So Ordered.
Naomi Reice Buchwald
USDJ
8/21/08

First, Plaintiff's allegation that he could not purchase sugar free and salt free foods from the commissary fails to state a constitutional violation.[1] Under the relevant analysis, plaintiff must allege facts that plausibly suggest (1) that the alleged deprivation was "sufficiently serious", and (2) that prison officials acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see generally Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In this case, plaintiff's alleged inability to purchase sugar free or salt free items from the commissary is not "sufficiently serious" to state a constitutional violation because inmates do not possess a constitutional right to "purchase items from the commissary or outside vendors." Torres v. Droun, No. 3:01-cv-1844, 2004 U.S. Dist. LEXIS 5483, at *22 (D. Conn. Mar. 30, 2004) (citing Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978) (under the Eighth Amendment sentenced prisoners are entitled only to "adequate food, clothing, shelter, sanitation, medical care and personal safety"), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979). Accordingly, Plaintiff has failed to state a constitutional violation.

Second, Plaintiff's claim that Defendants have engaged in price gouging and discrimination at the commissary is wholly without merit. Courts have uniformly rejected claims by inmates alleging that they are sold items within the prison at a higher price than would be available outside, or at cost of that item. See Collins v. Virginia, No. 7:06-cv-00326, 2006 U.S. Dist. LEXIS 36654, at *3 (W.D. Va. June 6, 2006) ("inmates have no constitutionally protected interest in purchasing stamps, food substances, or any other goods through the prison commissary at the cheapest price possible") (listing cases); Floyd v. Emmet County Corr. Facility, No. 1:06-cv-283, 2006 U.S. Dist. LEXIS 32518, at *12-13 (W.D. Mich. May 23, 2006) ("prisoners have no constitutionally guaranteed right to purchase commissary items at the same or lower price than charged at regular retail stores.") (listing cases); Davis v. Buffardi, No. 0:01-cv-0285, 2005 U.S. Dist. LEXIS 45487, at *13-14 (N.D.N.Y May 4, 2005) ("Plaintiffs claim that the commissary prices were excessive, violating their constitutional rights. However, this claim does not amount to a constitutional violation, and must be dismissed."); United States ex rel. Wolfish v. Levi, 439 F. Supp. 114, 134 (S.D.N.Y. 1977) ("There is no legal basis for demanding commissary sales at cost."). Accordingly, Plaintiff's claim of price gouging should be dismissed.

Third, Defendants anticipate moving on exhaustion grounds as it is apparent from the face of Plaintiff's complaint that Plaintiff has failed to exhaust his administrative remedies. Proper exhaustion of administrative remedies is mandatory under the Prison Litigation Reform

---

[1] During the time period alleged in the Amended Complaint, plaintiff was a pre-trial detainee while in the custody of the NYC DOC. Unlike prisoners, detainees' constitutional rights are analyzed under the due process clause of the Fourteenth Amendment to the United States Constitution. Benjamin, et al. v. Fraser, et al., 343 F. 3d 35, 49 (2d Cir. 2003). Although detainees' rights are analyzed under the Fourteenth Amendment, the Second Circuit has "often applied the Eighth Amendment deliberate indifference test to pre-trial detainees bringing actions under the Due Process Clause of the Fourteenth Amendment." Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000).

Act ("PLRA"), 42 U.S.C. §1997e. E.g., Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006); Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). Although Plaintiff was not required to plead exhaustion, dismissal is appropriate when Plaintiff alleges facts that, if taken as true, indicate failure to exhaust. See Jones v. Bock, 127 S. Ct. 910, 921 (2007); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998). Plaintiff's Amended Complaint makes clear that he failed to comply with the NYC DOC's established five-step administrative grievance process and must accordingly be dismissed for Plaintiffs' failure to exhaust.

Finally, Plaintiff's claims should be dismissed as he has failed to comply with the Court's Order dated January 15, 2008, and because Plaintiff fails to state a claim as a matter of law. First, despite the Court's explicit instructions, Plaintiff has failed to allege any facts within the Amended complaint demonstrating the existence of an officially adopted policy or custom of the municipality that cause Plaintiff's injuries. Second, and again despite the Court's explicit instructions, Plaintiff fails to allege any factual allegations pertaining to the personal involvement of Defendant Horn in any alleged constitutional violation. Finally, Plaintiff continues to name the NYC DOC (which is a non-suable entity) as a defendant, despite the Court's efforts to explain to plaintiff the necessity of naming the proper municipal defendant.

Accordingly, Defendants respectfully request a pre-motion conference concerning their anticipated motion to dismiss the Amended Complaint, and that their time to respond to the Complaint be stayed until a date following that of the pre-motion conference.

Respectfully submitted,

Steven D. Weber
Assistant Corporation Counsel

cc: Kevin Davis, plaintiff pro se (By Mail)